IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK KLIGMAN | : | CIVIL ACTION |
| v. | : | |
| INTERNAL REVENUE SERVICE (HUMAN RESOURCES) | : | NO. 09-5941 |

MEMORANDUM

McLaughlin, J.                                          April 26, 2010

       In this suit, plaintiff Jack Kligman challenges the manner in which the Internal Revenue Service handled his application, made in the fall of 1999, to be hired as a seasonal tax examiner. In his application, Mr. Kligman disclosed to the IRS that he had pled guilty in 1985 to felony charges of conspiracy and mail fraud.[1] Mr. Kligman alleges in his complaint that, although he scored in the top 5% on the competitive exam to be a tax examiner, he was not selected. Compl. ¶¶ 16, 17, 20.

       Mr. Kligman alleges that he believes that the "secret, <u>true</u> reason for [his] nonselection" was his felony conviction, and that, if his conviction was in fact considered by the IRS, then he was entitled under applicable regulations to a formal suitability determination. Id. at ¶¶ 10-11 (emphasis in

---

[1] Mr. Kligman subsequently received a full and unconditional Presidential pardon in January 2000. Compl. ¶ 16.

original); see also id. at ¶¶ 4, 19-21.  In response to his inquiries as to the reason for his non-selection, however, the IRS has denied making a suitability determination and instead told Mr. Kligman that he was not selected for employment based on its "rule of three."  Id. at ¶¶ 4, 12.  Under that rule, an appointing officer is not required to consider an eligible applicant who has been considered for three separate appointments for the same position.  Compl. ¶ 27 (citing 5 C.F.R. § 332.405).

      The IRS has moved to dismiss Mr. Kligman's complaint for lack of subject matter jurisdiction on grounds of both issue and claim preclusion.  The motion is based on prior litigation that Mr. Kligman filed to challenge the legitimacy of the IRS's actions concerning his 1999 application for employment.  For the reasons that follow, the Court will grant the motion

      The first of Mr. Kligman's earlier litigations was filed in this Court in October 2004: Kligman v. I.R.S., Human Resources, No. 04-4876 (E.D. Pa. filed October 18, 2004).  Like this action, the 2004 suit concerned Mr. Kligman's fall 1999 application to be hired as a seasonal IRS tax examiner and challenged the IRS's explanation that he was not selected based on the "rule of three."  The 2004 suit was dismissed without prejudice on June 8, 2005, on the ground that Mr. Kligman failed to exhaust his administrative remedies because he did not file an

2

appeal of the IRS's decision with the Merit Systems Protection Board ("MSPB") pursuant to 5 C.F.R. § 300.104.

Mr. Kligman sought to exhaust his administrative remedies by filing an appeal with the MSPB in August 2005. The initial appeal was dismissed for lack of jurisdiction: <u>Kligman v. Dept. of the Treasury</u>, 2005 WL 3741028 (MSPB Nov. 28, 2005). Mr. Kligman then sought a review of the "rule of three" regulation, which the full MSPB upheld in October 2006 in <u>Kligman v. Dept. of the Treasury</u>, 103 M.S.P.R. 614, 2006 MSP 3006 (MSPB Oct. 6, 2006).

Mr. Kligman filed his second civil action in December 2006 in this Court: <u>Kligman v. I.R.S. Human Resources</u>, No. 06-5325 (E.D. Pa. filed Dec. 5, 2006). On August 20, 2007, the Court dismissed the 2006 action, finding that the action was effectively an appeal of the MSPB's decision upholding the "rule of three" and that such an appeal could only be brought in the United States Court of Appeals for the Federal Circuit. <u>Id.</u>, 2007 WL 2409738. This dismissal was subsequently affirmed by the United States Court of Appeals for the Third Circuit. 272 Fed. Appx. 166 (3d Cir. 2008).[2]

---

[2] Mr. Kligman initially filed an appeal of the dismissal of his 2006 case in both the United States Courts of Appeals for the Third Circuit and for the Federal Circuit. He subsequently voluntarily terminated his appeal in the Federal Circuit. After

On February 6, 2009, Mr. Kligman filed a second appeal to the MSPB: Kligman v. Dept. of Treasury, PH-0752-09-0251-1-1. Like his earlier actions, this appeal concerned the IRS's failure to select him in 1999-2000 as a seasonal tax examiner and challenged the IRS's explanation for that non-selection based on the "rule of three." This second appeal was dismissed on March 27, 2009, on the basis of collateral estoppel, based on a finding that the issues it raised had been previously decided in Mr. Kligman's earlier MSPB proceedings. Mr. Kligman appealed this decision to the United States Court of Appeals for the Federal Circuit which affirmed the dismissal of his appeal on the basis of collateral estoppel, finding that the issues it raised had already been fully litigated in his previous MSPB proceeding. Id., 2009 WL 3241392 (Fed. Cir. Oct. 9, 2009).

On December 8, 2009, Mr. Kligman filed his current action in this Court.

As the Court of Appeals for the Federal Circuit explained in its recent decision upholding the dismissal of Mr.

---

his appeal was denied in the Third Circuit, Mr. Kligman filed a motion in this Court, stating that he never intended to appeal in the Third Circuit, and asking this Court to extend the "timeliness of his appeal" so that he could file an appeal in the United States Court of Appeals for the Federal Circuit. This Court denied the motion. See Docket No. 6 in Case No. No. 06-5325.

4

Kligman's second MSPB appeal, one of the principles of American law is that, with few exceptions, a party cannot seek to relitigate issues that have been fully and fairly litigated in an earlier proceeding. Kligman, 2009 WL 3241392 at *3. Of the doctrines that embody this principle, two are at issue here: claim preclusion (sometimes called "merger and bar" or "res judicata") and issue preclusion (sometimes called "collateral estoppel").

Claim preclusion bars a litigant from bringing a second or successive litigation concerning a claim that was previously litigated to a final judgment, whether or not the second or successive claim raises exactly the same issues as the earlier action. Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008). Claim preclusion requires three conditions: (1) a final judgment on the merits in a prior proceeding involving (2) the same parties or their privies and (3) a subsequent proceeding based on the same cause of action. Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991).

Issue preclusion bars a second or successive litigation of an issue of fact or law that was actually litigated and resolved in an earlier litigation, even if the issue recurs in the context of a different claim. Taylor, 128 S. Ct. at 2171. The requirements for issue preclusion are: 1) the issues sought

5

to be precluded are the same as those involved in the prior action; 2) the issues were actually litigated and determined by a final and valid judgment; and 3) the determination was essential to the prior judgment. Peloro v. U.S., 488 F.3d 163, 174-75 (3d Cir. 2007).

The Court finds that claim preclusion does not apply to Mr. Kligman's current action. Claim preclusion requires a prior final judgment on the merits. In the long history of Mr. Kligman's prior litigation over his 1999 employment application to the IRS, the only judgment on the merits is the full MSPB's October 2006 decision on Mr. Kligman's challenge to the "rule of three" regulation. All of the other decisions in Mr. Kligman's litigations have been dismissals on jurisdictional grounds, which are not decisions on the merits. See Winslow v. Walters, 815 F.2d 1114, 1116 (7th Cir. 1987) (holding that a ruling granting a motion to dismiss for lack of subject matter jurisdiction is not one on the merits) (quoted in In re Orthopedic "Bone Screw" Prods. Liab. Litig., 132 F.3d 152, 155 (3d Cir. 1997)).

In this case, Mr. Kligman is not challenging the legitimacy of the "rule of three" regulation, but instead what he describes as the IRS's deceptive practice of not selecting him "without a stated reason, without notification, without the right of appeal." Compl. ¶ 5. The Court therefore believes that this

6

claim is different from that decided in the MSPB's October 2006 decision and that this action is therefore not barred by claim preclusion.

The Court finds, however, that this action is barred by issue preclusion. Mr. Kligman's second civil action, filed in this Court in December 2006, raised essentially the same claims as this action, challenging the allegedly deceptive practice of the IRS of circumventing a suitability determination by removing Mr. Kligman from consideration for a tax examiner position without explanation. See Compl. in Case No. 06-5325 at ¶¶ 1, 8. This Court dismissed that action on the ground that it was essentially an appeal of the prior ruling by the MSPB, which could only be heard by the United States Court of Appeals for the Federal Circuit.

In upholding that dismissal, the United States Court of Appeals for the Third Circuit affirmed that "to the extent that Kligman's present appeal is a direct challenge to the MSPB's decision, the district court plainly lacked subject matter jurisdiction over it." The court of appeals went on to say that "to the extent that Kligman challenges an alleged surreptitious suitability determination made by the IRS in his case, given his suspicion regarding the role his previous conviction played in his nonselection, this claim is not properly a subject of review

7

in this court" but instead had to be raised in the MSPB, or if the MSPB declined to exercise its jurisdiction, in the United States Court of Appeals for the Federal Circuit. 272 Fed. Appx. at 169-70.

The ruling by the United States Court of Appeals for the Third Circuit constituted a valid and final judgment that determined the issue of this Court's subject matter jurisdiction over Mr. Kligman's claims challenging the IRS's allegedly deceptive actions concerning his employment application. Because that issue was essential to the prior ruling and because that same issue arises in this case, issue preclusion applies. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n. 9 (1982) (principles of preclusion apply to determinations of subject matter jurisdiction).

This Court is therefore bound by the prior determination of the United States Court of Appeals for the Third Circuit that it lacks subject matter jurisdiction over Mr. Kligman's claims. The Court will grant the defendant's motion and dismiss this case.

An appropriate Order will be issued seperately.